UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTANO,<br><br>        Plaintiff,<br><br>     v.<br><br>BRODY,<br><br>        Defendant. | Case No. 14-cv-05247-VC<br><br>**ORDER AFFIRMING DECISION OF BANKRUPTCY COURT** |

Plaintiff-Appellant Larry Tristano appeals from the judgment of United States Bankruptcy Court in Tristano's adversary proceeding against Defendant-Appellee Stanley Brody. Tristano's appeal challenges the bankruptcy court's determination that a debt Brody owed to Tristano did not fall within the Bankruptcy Code provision excepting from discharge debts "for fraud or defalcation while acting in a fiduciary capacity." *See* 11 U.S.C. § 523(a)(4).

## I. Background

The debt at issue is for a $40,000 loan that Tristano made to Julie Forsythe, who is not a party to this case. Brody obtained the loan on Forsythe's behalf, and Tristano made the check out to United States Mortgage Company, a company controlled by Brody. The loan was secured by a second deed of trust on property owned by Forsythe.

In 2009, Tristano lost his security interest when the first mortgagor foreclosed on the property. When the loan went into default Tristano brought a state court action against both Forsythe and Brody for breach of contract, fraud and breach of fiduciary duty. Forsythe then filed for bankruptcy. In a stipulated judgment, Brody agreed to take responsibility on the note. Judgment was entered against Brody in the amount of $44,000, representing principal and unpaid interest. He agreed to pay Tristano $2,500 within 30 days of the entry of judgment and a minimum of $300 per month thereafter. However, Brody failed to make these payments. In 2013, Brody filed for bankruptcy. Tristano then filed an adversary proceeding in the bankruptcy court, seeking to have the debt deemed nondischargeable under 11 U.S.C. § 523(a)(2) & (a)(4).

## II. Standard of Review

The Court "review[s] the bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *In re Jan Weilert RV, Inc.*, 315 F.3d 1192, 1196 (9th Cir.), *amended*, 326 F.3d 1028 (9th Cir. 2003). "Review for clear error is significantly deferential and requires a definite and firm conviction that a mistake has been committed." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009) (internal quotation marks omitted).

## III. Discussion

Tristano raises two issues on appeal. First, he argues that the bankruptcy court erred in determining that Brody was not acting as a fiduciary within the meaning of § 523(a)(4). Second, he argues that the bankruptcy court erred in concluding that there was "undisputed evidence" that the proceeds of the loan were used for the property owned by Forsythe.

### A. Section 523(a)(4)

In pertinent part, § 523(a)(4) excepts from discharge debts incurred for "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). "The creditor seeking to have such debts deemed non-dischargeable must prove by a preponderance of the evidence that (1) the debtor was acting in a fiduciary capacity; and (2) while acting in that capacity, the debtor engaged in fraud or defalcation." *In re Stanifer*, 236 B.R. 709, 713 (9th Cir. BAP 1999).

> The term "fiduciary" is narrowly defined for purposes of § 523(a)(4). *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373, 378 (9th Cir. BAP 2011) (citing *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir. 2003)). In order for there to be nondischargeability under § 523(a)(4), the debtor's fiduciary capacity "must be arising from an express or technical trust that was imposed before, and without reference to, the wrongdoing that caused the debt. . . ." *In re Cantrell*, 329 F.3d at 1125 (quoting *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1185 (9th Cir. 1996)). A trust "ex maleficio"—that is, a trust imposed by law as a remedy for malfeasance or wrongful actions—will not suffice. *In re Honkanen*, 446 B.R. at 379. Moreover, "[t]he broad, general definition of fiduciary—a relationship involving confidence, trust and good faith—is inapplicable in the dischargeability context." *In re Cantrell*, 329 F.3d at 1125 (quoting *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986)).

*In re Mbunda*, 484 B.R. 344, 356 (9th Cir. BAP 2012), *aff'd*, No. 13-60002, 2015 WL 1619469

(9th Cir. Apr. 13, 2015).  "While the scope of the term 'fiduciary capacity' is a question of federal law, the Ninth Circuit has considered state law to ascertain whether the requisite trust relationship exists."  *In re Honkanen*, 446 B.R. 373, 379 (9th Cir. BAP 2011).  "For a trust relationship under § 523(a)(4) to be established, the applicable state law must clearly define fiduciary duties and identify trust property. . . .  The mere fact that state law puts two parties in a fiduciary-like relationship does not necessarily mean it is a fiduciary relationship within 11 U.S.C. § 523(a)(4)."  *Id.*

Tristano contends that, under Section 10145(a)(1) of the California Business & Professions Code, an express trust was created when he turned over to Brody the check for $40,000.

Section 10145(a)(1) provides:

> A real estate broker who accepts funds belonging to others in connection with a transaction subject to this part shall deposit all those funds that are not immediately placed into a neutral escrow depository or into the hands of the broker's principal, into a trust fund account maintained by the broker in a bank or recognized depository in this state.  All funds deposited by the broker in a trust fund account shall be maintained there until disbursed by the broker in accordance with instructions from the person entitled to the funds.

Cal. Bus. & Prof. Code § 10145(a)(1).  The California Code of Regulations provides that "[t]he relationship between a real estate broker and a client for whom the broker holds funds in trust is an agency relationship," and that, "[a]s an agent, the broker owes a fiduciary duty to the client regarding the handling of the trust."  Cal. Code Regs. tit. 10, § 2830.

Although Tristano does not cite, and the Court has not identified, any case holding that a broker becomes a § 523(a)(4) fiduciary simply by depositing the client's funds into the broker's trust fund account pursuant to Section 10145(a)(1), in the analogous case of a *lawyer's* trust account, the Ninth Circuit has found that depositing client funds is sufficient to establish a fiduciary relationship.  *See Banks v. Gill Distrib. Ctrs., Inc.*, 263 F.3d 862, 871 (9th Cir. 2001) ("When [lawyer] placed his client's funds into his trust account, he became his client's fiduciary [within the meaning of § 523(a)(4)].").  Here, however, the loan transaction involved Tristano paying $40,000 in exchange for a promissory note and deed of trust on the Stony Point property.  Therefore, the funds that Brody accepted in connection with the loan after the loan transaction was

3

consummated were no longer Tristano's funds. Brody accepted the funds – in the form of a check made out to United States Mortgage Company – on Forsythe's behalf, and was thereafter holding the funds for her, not for Tristano. Brody may well have owed to Tristano a general fiduciary duty in connection with the transaction. But after the transaction, Brody was not acting in a fiduciary capacity within the meaning of § 523(a)(4) with respect to Tristano while Brody was holding for Forsythe the money Tristano had loaned her. Accordingly, the Court affirms the bankruptcy court's determination that Brody's debt to Tristano did not fall within the § 523(a)(4) exception.

### B. Forsythe's Testimony

Tristano challenges the bankruptcy court's statement that "the undisputed evidence is that the loan funds were used to preserve Forsythe's property." Mem. After Trial, Docket No. 3-16, at 2. He argues that the bankruptcy court improperly ignored Forsythe's testimony, including testimony that she had never authorized Brody to solicit loans for the Stony Point property, and that the first time Forsythe learned of the loan was when she received notice of Tristano's state court action against her and Brody. Tristano argues that because no financial records were introduced at trial, it was "impossible to make a finding of fact as to whether these funds were used for Forsythe's property or not." Appellant's Opening Br. at 16. But Tristano ignores the fact that Brody testified at trial that the check Tristano wrote to United States Mortgage Company was deposited into the United States Mortgage Company property management account for the Stony Point property. And Forsythe testified that Brody handled the payment of various expenses for the property. Tristano offered no evidence to rebut this testimony. Accordingly there was no clear error in the bankruptcy court's factual determination.

### IV. Conclusion

For the reasons stated above, the Court affirms the bankruptcy court's determination that Brody's debt to Tristano does not fall within § 523(a)(4)'s exception to discharge.

**IT IS SO ORDERED.**

Dated: July 16, 2015

_____
VINCE CHHABRIA
United States District Judge

4